UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60330-CR-ZLOCH
Case No. 10-6320-BSS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARRY JOHNSON,

    Defendant.
    _____/

## ORDER

This matter is before the Court upon Defendant Barry Johnson's Motion to Unseal Documents [D.E. 48], upon referral to me by the Honorable William J. Zloch. *See* D.E. 50. In his Motion to Unseal Documents, Defendant notes that within its discovery, the Government has produced historical records relating to Defendant's cellular telephone. Defendant moves for the Court to unseal the Government's Application for Disclosure of Historical Cell-Site Records ("Government's Application") under 18 U.S.C. § 2703 and the Court's corresponding Order granting the Government's Application ("Order"), which enabled the Government to obtain the historical records relating to Defendant's cellular telephone.[1] In support of his Motion, Defendant argues that he desires to challenge the method by which the Government obtained the historical cellular telephone records and would like to review the Government's Application and the Court's Order in

---

[1] The Government's Application and the Court's resulting Order were filed in Case No. 10-6320-BSS, prior to the filing of the pending criminal case.

furtherance of his motion seeking to suppress the historical cellular telephone records.[2]

The Government opposes Defendant's Motion to Unseal Documents. First, the Government objects that Defendant has cited no authority for the unsealing of the Government's Application and the Court's Order. Second, the Government contends, as practical matter, that it is not necessary for Defendant to review the contents of the Government's Application and the resulting Order for Defendant to make the type of challenge to the Government's Application and the Court's Order that he seeks to make. More specifically, the Government notes, Defendant has expressed his wish to argue that the Court should not have ordered the production of the cellular telephone records under Section 2703(d)'s standard requiring only "specific and articulable facts showing that there are reasonable grounds to believe that the contents of . . . the records or other information sought, are relevant and material to an ongoing criminal investigation," but instead should have insisted upon a showing of probable cause under the Fourth Amendment. Because the Government has already disclosed that it sought and obtained the records under the lesser showing required by Section 2703(d), thereby allowing Defendant to make his Fourth Amendment argument regardless of whether the Government's Application and the Order are unsealed, the Government reasons that unsealing the Government's Application and the Order would serve no purpose. Finally, the Government concludes, even if the Government had improperly obtained Defendant's historical cell-site data under Section 2703, that statute authorizes no statutory suppression remedy for any non-constitutional violation of its provisions.

Upon consideration of the parties' positions and the law, this Court grants Defendant's

---

[2] Since filing the pending Motion to Unseal Documents, Defendant has separately filed his Motion to Suppress Historical Cell Site Location Information or in the Alternative to Exclude Evidence From Use at Trial [D.E. 57]. That Motion is not before me at this time.

Motion to Unseal Documents. First, while it is true that Defendant cites no authority requiring the unsealing of the documents he requests, his stated intention to challenge the standard under which the Court ordered the disclosure of the cellular telephone records at least implicitly suggests one possible basis: should the Court agree with Defendant that the Fourth Amendment required a showing of probable cause for the Government to obtain the records in question, the Court could consider whether the Government's Application actually contained probable cause, regardless of the standard under which the Order was originally issued. Under such a scenario, Defendant would certainly be entitled to examine the facts proffered in the Government's Application, much as he could if he challenged the issuance of a sealed search warrant, in order to dispute any contention by the Government that its Application satisfied the probable cause standard.

Second, even to the extent that this Court were to conclude that the Government need not make a showing of probable cause to obtain historical cell-site records, 18 U.S.C. § 2707 sets forth a process for civil actions based on violations of the procedures set forth in 18 U.S.C. §§ 2701 - 2712. While any potential use in a civil case of the information contained within the Government's Application and the Court's Order may be hypothetical and may not require the Court to determine a motion to unseal the Application and Order in the context of this criminal case, the fact that the law specifically anticipates civil actions for certain violations of the procedures set forth in Section 2703 indicates that Congress contemplated that the contents of Section 2703(c)(1)(B) applications and Section 2703(d) orders would be obtainable by any "person aggrieved," 18 U.S.C. § 2707(a), under at least some circumstances.

Finally and most significantly, the Government's Application and Order are court filings. The common law establishes a general presumption that criminal actions should be conducted

publicly. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). Included within this presumption of access is the right to inspect and copy public records and documents. *Id.* (citing *Nixon*, 435 U.S. at 597). Indeed, courts may exclude the public from criminal proceedings only where "denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 1310 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 607 (1980) (internal quotation marks omitted)).

In this case, the sole reason for sealing the Application and Order that the Government set forth in its Motion to Seal Order and Application consisted of a concern "to protect the integrity of the ongoing investigation." Since the time that the Court granted the Government's Motion to Seal, however, Defendant has been arrested and charged in this case with the crime discussed in the Government's Application. Put simply, the reason for sealing the Application and Order in the first place no longer exists. Nor has the Government suggested any new potential harm stemming from disclosure at this point in the case. Under these circumstances, the Court **GRANTS** Defendant's Motion to Unseal Documents [D.E. 48]. The Clerk of Court shall unseal the Government's Application for Court Order for Disclosure of Historical Cell-Site Records, the Court's Order granting the Government's Application, and the Government's Motion to Seal Order and Application.

**DONE AND ORDERED** this 26th day of April 2011.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William J. Zloch
 Counsel of Record